### Fred MORGAN v. STATE.
### No. 16849.

Court of Criminal Appeals of Texas.
May 23, 1934.

R. M. Finley and Sam D. Wolfe, both of Sherman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

■

### Erwin OVERTON, alias Red Overton, v. STATE.
### No. 16939.

Court of Criminal Appeals of Texas.
May 16, 1934.

Earl Shelton, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing morphine; punishment assessed being four years in the penitentiary.

Appellant has filed his affidavit advising the court that he does not desire further to prosecute his appeal, and upon his request the same is ordered dismissed.

■

### Andy PAGE v. STATE.
### No. 16738.

Court of Criminal Appeals of Texas.
May 16, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Burglary is the offense; penalty assessed at confinement in the penitentiary for five years.

No statement of facts or bills of exception accompany the record. No fault in the indictment has been perceived; nor has there been pointed out or discovered any error in the procedure which would authorize this court in reversing the judgment of conviction.

The judgment is affirmed.

■

### Willie POOL v. STATE.
### No. 16830.

Court of Criminal Appeals of Texas.
May 23, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is assault with intent to murder; penalty assessed at confinement in the penitentiary for fifteen years.

The indictment appears regular and regularly presented. The evidence heard upon the trial is not brought up for review.

No defect in the charge of the court has been perceived or pointed out which would vitiate the verdict.

The issue of a suspended sentence was properly raised, presented by the court, and denied by the jury.

The sentence takes note of the Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775) and condemns appellant to confinement in the penitentiary for a period of not less than two nor more than fifteen years.

Nothing in the motion for new trial or other proceedings in the record authorizes a reversal of the judgment. It is therefore affirmed.